### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

JOSHUA JENSEN,

       **Plaintiff,**

       v.                                  **CASE NO. 25-3195-JWL**

JEFF ZMUDA, et al.,

       **Defendants.**


## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Joshua Jensen is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

### I. Nature of the Matter before the Court

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff alleges that Defendants conspired with Union Supply to use punishment and threats to extort Kansas Department of Corrections ("KDOC") inmates by forcing them to purchase soap to avoid disciplinary action.[1] (Doc. 1, at 3.) Plaintiff alleges that the KDOC should provide inmates with basic necessities. Plaintiff alleges an Eighth Amendment violation and

---

[1] Plaintiff cites KAR 44-12-102 and KSA 75-5210. KSA 75-210 deals with "Treatment of inmates; records; security status, incentives and presumption for certain offenders; health standards; furloughs; disciplinary rules and regulations; work and educational release; correctional work facilities; construction and repair of state buildings; contracts." KSA 75-5210. KAR 44-12-102 provides that "Inmates shall shower or bathe a minimum of once a week. Inmates shall brush their teeth a minimum of once a day. Violations of this rule shall be a class III offense." KAR 44-12-102.

asserts a RICO claim based on threat and intimidation under 18 U.S.C. § 1961.  *Id*. at 4.

Plaintiff names as defendants:  Jeff Zmuda, KDOC Secretary of Corrections; the KDOC; and the Secretary and Unknown Actors within the Department of Administration.  Plaintiff seeks "$1,000 per inmate for the extortion," "$20.00 a day until issue fixed," and a return of "all money previously spent on soap."  *Id*. at 6.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)– (2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it

innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III.  DISCUSSION

#### 1.  Standing

Plaintiff purports to bring this matter as a class action.  Plaintiff does not indicate whether he was forced to purchase soap.  It is well-settled that a § 1983 claim must be based on the violation of Plaintiff's personal rights and not the rights of someone else.  *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) (citations omitted).  To the extent Plaintiff raises claims on behalf of others, a review of the allegations contained in his Complaint indicates he lacks standing to do so.  To have standing, a prisoner must state "specific facts connecting the allegedly unconstitutional conditions with his own experiences [in the prison], or indicat[e] how the conditions caused him injury."  *Swoboda v. Dubach,* 992 F.2d 286, 289 (10th Cir. 1993).  "[G]eneral observations" about prison conditions are not actionable under 42 U.S.C. § 1983.  *Id.* at 289–90.

Such general grievances are best addressed to the legislative, not the judicial, branch.  *Bd. of Cty. Comm'rs of Sweetwater Cty. v. Geringer,* 297 F.3d 1108, 1112 (10th Cir. 2002) (citing *Allen v. Wright,* 468 U.S. 737, 751 (1984)).  Such claims should be dismissed for lack of prudential standing.  *See, e.g., Whitington v. Ortiz,* 307 F. App'x 179, 191 (10th Cir. 2009) *(pro se* prisoner plaintiff "lack[ed] standing to attempt to re-regulate the entire CDOC system, or to sue directly or indirectly on behalf of anyone but himself"); *Martinez v. Mesa Cty. Sheriff's Dep't,* 69 F.3d 548 (Table), 1995 WL 640293 at *1 (10th Cir. 1995) (unpublished) (court is not empowered to decide "generalized grievances concerning prison management").

4

### 2. Eighth Amendment

Plaintiff alleges an Eighth Amendment violation.  The Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  The Supreme Court has acknowledged that the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation."  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citations omitted).  Indeed, prison conditions may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  "Under the Eighth Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (citation omitted).

The second requirement for an Eighth Amendment violation "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer*, 511 U.S. at 834.  Prison officials must have a "sufficiently culpable state of mind," and in prison-conditions cases that state of mind is "deliberate indifference" to inmate health or safety. *Id*.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.  "The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" *Id*.  It is not enough to establish that the official should have known of the risk of harm. *Id*.

Plaintiff does not allege that he was denied soap.  Rather, he alleges that inmates are required to purchase soap.  Internal Management Policy & Procedure ("IMPP") 12-127D addresses

5

the issuance of hygiene items to KDOC inmates.[2]  It provides that:

> Residents shall be provided access to such items necessary for maintaining proper personal hygiene.  Personal hygiene items shall be available for purchase by residents from each facility's canteen process.  Indigent residents shall be issued basic personal hygiene items as specified by this IMPP.
>
> * * * *
>
> DEFINITIONS
>
> Basic Indigent Hygiene Supplies (BIHS):  Personal hygiene items, issued at no cost to indigent residents, consisting of a soft toothbrush (1), toothpaste (2), disposable razor (2) (general population residents only), comb or pick (1), and soap (2).
>
> Indigent:   A resident whose resident bank account during the previous month has a cumulative spendable amount of less than $34.00.  The cumulative spendable amount shall be determined by adding all deposits made during the month to the beginning account balance and subtracting fines, fees, restitution, garnishments, forced savings, and payments or encumbrances for court filing fees applied during the month. Amounts voluntarily withdrawn from the resident's account shall not be subtracted from the sum of the beginning balance and deposits.

IMPP 12-127D, SECURITY AND CONTROL:  Issue of Resident Hygiene Items, Writing Supplies, Postage, Copying Services, and Resident Requests for Printed Materials, at p.1.

Requiring a non-indigent inmate to purchase his or her own hygiene items does not violate the Eighth Amendment.  *See Scott v. Case Manager Owens (SCF)*, 80 F. App'x 640, 643 (10th Cir. 2003) (unpublished) (finding that "denying Scott indigent status pursuant to [the applicable DOC regulation] because he received monthly inmate pay—thus requiring him to purchase his own hygiene supplies—does not constitute cruel and unusual punishment"); *see also Taylor v. Sebelius*, 189 F. App'x 752, 757 (10th Cir. 2006) (finding that "because the prison provides basic

---

[2] *See* https://public.powerdms.com/KansasDOC/tree/documents/1553293 (last visited Oct. 7, 2025).

necessities to indigent inmates without charge, *see* IMPP § 12–127, and Taylor does not claim he requested or was denied this accommodation, he cannot show the necessary deprivation or that Defendants acted with the requisite culpable state of mind").

Plaintiff does not allege that he is indigent as that status is defined in the regulation. Nor has he claimed that he was unable to purchase hygiene items. Plaintiff should show good cause why his Eighth Amendment claim should not be denied for failure to state a claim.

### 2. 18 U.S.C. § 1961, *et seq.*

Plaintiff asserts a RICO claim under 18 U.S.C. § 1961. Plaintiff raised a similar claim in one of his prior cases filed in this Court. *See Jenson v. Zmuda*, Case No. 25-3178-JWL. The Court advised Plaintiff in that case that:

> In 18 U.S.C. § 1964(c), the federal RICO act provides a right of action for "[a]ny person injured in his business or property" by activity defined in 18 U.S.C. § 1962. But to state a plausible federal civil RICO claim, a plaintiff must allege facts that, if taken as true, demonstrate "(1) that the defendant violated § 1962; (2) that the plaintiff's business or property was injured; and (3) that the defendant's violation is the cause of that injury." *See Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 881 (10th Cir. 2017). Even liberally construing the complaint and taking all well-pled factual allegations therein as true, Plaintiff has not alleged facts that show the existence of these elements. Thus, the portion of Count III based on the federal RICO act is subject to dismissal for failure to state a claim.

*Id*. at Doc. 6, at 8. Plaintiff's claim in the current case is subject to dismissal based on the same failure to allege facts that show the existence of the required elements.

## IV. Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Failure to respond by the deadline may result in dismissal of this matter without further notice for failure to state a claim.

8

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **November 7, 2025,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated October 7, 2025, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**