## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOSHUA JENSEN,

   **Plaintiff,**

   **v.**         **CASE NO.  25-3195-JWL**

JEFF ZMUDA, et al.,

   **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas.  The Court granted Plaintiff leave to proceed in forma pauperis.  On October 7, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") granting Plaintiff until November 7, 2025, in which to respond and show good cause why this matter should not be dismissed for the reasons set forth in the MOSC.

Plaintiff has failed to respond to the MOSC by the Court's deadline.  The Court's MOSC was mailed to Plaintiff at his address of record at LCF.  The mail was returned, noting that Plaintiff refused delivery of the MOSC.  (Doc. 7.)  Federal Rule of Civil Procedure 77(d) provides that orders are served according to Rule 5(b).  Fed. R. Civ. P. 77(d).  Rule 5(b) provides that a paper is served by "mailing it to the person's last known address—in which event service is complete upon mailing."  Fed. R. Civ. P. 5(b)(2)(C); *see also Elrod v. Swanson*, 478 F. Supp. 2d 1252, 1260 (D. Kan. 2007) (finding that Rule 5(b)(2)(C) was complied with and stating that the court's administrative procedures provide that pro se filers will receive orders of the court by first class mail, and rejecting request by prisoner to receive court orders by certified mail).

Plaintiff alleges that Defendants conspired with Union Supply to use punishment and

threats to extort Kansas Department of Corrections ("KDOC") inmates by forcing them to purchase soap to avoid disciplinary action.[1]  (Doc. 1, at 3.)  Plaintiff alleges that the KDOC should provide inmates with basic necessities.  Plaintiff alleges an Eighth Amendment violation and asserts a RICO claim based on threat and intimidation under 18 U.S.C. § 1961.  *Id*. at 4.

The Court found in the MOSC that Plaintiff purports to bring this matter as a class action and does not indicate whether he was forced to purchase soap.   It is well-settled that a § 1983 claim must be based on the violation of Plaintiff's personal rights and not the rights of someone else.  *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) (citations omitted).

The Court also found that requiring a non-indigent inmate to purchase his or her own hygiene items does not violate the Eighth Amendment.  *See Scott v. Case Manager Owens (SCF)*, 80 F. App'x 640, 643 (10th Cir. 2003) (unpublished) (finding that "denying Scott indigent status pursuant to [the applicable DOC regulation] because he received monthly inmate pay—thus requiring him to purchase his own hygiene supplies—does not constitute cruel and unusual punishment"); *see also Taylor v. Sebelius*, 189 F. App'x 752, 757 (10th Cir. 2006) (finding that "because the prison provides basic necessities to indigent inmates without charge, *see* IMPP § 12–127, and Taylor does not claim he requested or was denied this accommodation, he cannot show the necessary deprivation or that Defendants acted with the requisite culpable state of mind").  The Court found that Plaintiff failed to allege that he is indigent as that status is defined in the regulation and failed to claim that he was unable to purchase hygiene items.  The Court ordered Plaintiff should show good cause why his Eighth Amendment claim should not be denied for failure to state

---

[1] Plaintiff cites KAR 44-12-102 and KSA 75-5210.  KSA 75-210 deals with "Treatment of inmates; records; security status, incentives and presumption for certain offenders; health standards; furloughs; disciplinary rules and regulations; work and educational release; correctional work facilities; construction and repair of state buildings; contracts." KSA 75-5210.  KAR 44-12-102 provides that "Inmates shall shower or bathe a minimum of once a week. Inmates shall brush their teeth a minimum of once a day.  Violations of this rule shall be a class III offense." KAR 44-12-102.

a claim.

Plaintiff also asserted a RICO claim under 18 U.S.C. § 1961.  The Court found that Plaintiff raised a similar claim in one of his prior cases filed in this Court.  *See Jenson v. Zmuda*, Case No. 25-3178-JWL.  The Court found that Plaintiff's claim in the current case is subject to dismissal based on the same failure to allege facts that show the existence of the required elements.

The MOSC provides that "[f]ailure to respond by the deadline may result in dismissal of this matter without further notice for failure to state a claim."  (Doc. 5, at 7.)  Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why this matter should not be dismissed for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated November 10, 2025, in Kansas City, Kansas.**

> **S/  John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**